

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JERRY KINCAID, #K8148**            **PETITIONER**

**VERSUS**            **CIVIL ACTION NO. 3:05cv119WHB-AGN**

**STATE OF MISSISSIPPI**            **RESPONDENT**

## MEMORANDUM OPINION

On February 17, 2005, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 25, 2005, this Court entered an order directing the petitioner to file an amended petition within twenty days. The petitioner was warned that his failure to timely comply with any order of this Court would result in the dismissal of this case. The petitioner failed to comply with this order.

On April 18, 2005, an this Court entered an order directing the petitioner to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with the Court's February 25, 2005 order.[1] The petitioner was also ordered to comply with the February 25, 2005 order by filing an amended petition, within fifteen days. The petitioner was warned that his failure to timely comply with any order of the Court would result in this cause being dismissed without further written notice to the petitioner. The petitioner failed to comply with this order.

The petitioner has failed to comply with the Court's orders of February 25, 2005 and April 18, 2005. The petitioner's failure to comply with two orders of this Court or to otherwise

---

[1] Apparently some of the petitioner's address was not visible on the window envelope used for mailing this order. The order was re-mailed to the petitioner on April 21, 2005.

communicate with this Court indicates his lack of interest in pursuing this claim.

This Court has the authority to dismiss an action for the petitioner's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the respondent has not been called upon to respond to the petition, and has never appeared in this action, and since the Court has never considered the merits of the petition, this case will be dismissed without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

THIS, the 24 day of June, 2005.

_William Barbour_
UNITED STATES DISTRICT JUDGE